## JOHN W. KIBBY v. CHARLES E. GIBSON.

No. 14,326.    (83 Pac. 968.)

### SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Burden of Proof—Demurrer to Evidence.* When a party upon whom rests the burden of the issues introduces evidence which, uncontroverted, would establish a cause of action in his favor, and then introduces evidence which, *prima facie*, defeats his cause of action, and the opposite party demurs to the evidence, *held*, it is error for the court to overrule the demurrer and render judgment in favor of the party who produced the evidence.

2. ——— *Order of Proof—Defensive Evidence by the Plaintiff.* Although it is bad practice to do so, yet, where no objection is made on this ground, the party who has the burden of the issues may introduce all the evidence *pro* and *con* upon every issue in the case. If, however, he introduces evidence which, unrebutted, defeats his cause of action, he does so at his peril.

Error from Seward district court; WM. EASTON HUTCHISON, judge. Opinion filed December 9, 1905. Reversed.

*Sluss & Wall,* for plaintiff in error.
*Sutton & Scates,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: The defendant in error, as the real plaintiff, though not nominally, in the court below, filed an answer and cross-petition setting up a note and mortgage, and asked judgment for a mortgage lien and foreclosure of the mortgage on the land described therein. He also alleged that the mortgage was executed by one Barnes, who was the owner of the land at that time, and that by successive assignments he became and was the owner and holder of the note and mortgage.

Kibby, in answer to the cross-petition, denied "all the allegations contained in the cross-petition . . . inconsistent with the plaintiff's [Kibby's] ownership" of the land. This did not put the ownership of Barnes in issue.

At the trial Gibson, over the objections of Kibby, introduced in evidence the original note and mortgage under which he claimed, with the indorsements. None of these objections was well taken. Gibson might well have rested his case here, but he proceeded to introduce in evidence a tax deed, and quitclaim deeds tending to show that Kibby's title was derived from the tax deed, but introduced no evidence tending to show any infirmity in the tax deed. Thereupon he rested his case, and Kibby demurred to the evidence on the ground that it was not sufficient to justify a judgment in favor of Gibson. The court overruled the demurrer and rendered judgment, giving Kibby a first lien for taxes, of which there was no evidence unless it was the tax deed, and also adjudged Gibson a second lien

for the amount of the note and interest, and ordered the foreclosure of the mortgage and sale of the land. Kibby brings the case here.

The evidence shows that Kibby obtained all the title acquired through the tax deed by the grantee therein, and, if the tax deed is valid, it defeats Gibson's mortgage lien on the land. No fact tending to show that the deed was void was shown in the evidence, and no infirmity on the face of the deed is suggested. We did not feel called upon to do so, but we have scrutinized the face of the deed and have failed to discover any- thing that would render it void, and there is no admission that it is void.

As the case stands, then, Gibson offered evidence which, uncontroverted, showed his right to obtain the relief for which he prayed. He then proceeded to offer evidence which, *prima facie*, defeated his right of recovery, and the demurrer to his evidence as a whole should have been sustained.

The party upon whom rests the burden of the issues may, if he so elect and there be no objection thereto, proceed to offer evidence upon all the issues in the case, *pro* and *con*. If, however, he produces evidence which, unrebutted, defeats his cause of action, or if he does his opponent the service of setting up a straw man and omits to knock it down, he does so at his peril. He may safely follow the order of trial prescribed by section 275 of the code of civil procedure (Gen. Stat. 1901, § 4722).

The judgment of the district court is reversed and the case remanded.

All the Justices concurring.